UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| TAQUAN GULLETT,<br><br>          Petitioner,<br><br>          v.<br><br>LUCY SALAS, et al.,<br><br>          Respondents. | Case No. 2:21-cv-05720-JAK-JDE<br><br>ORDER TO SHOW CAUSE WHY THE PETITION SHOULD NOT BE DISMISSED |

## I.
## INTRODUCTION

     On July 13, 2021, Petitioner Taquan Gullett ("Petitioner"), a federal prisoner proceeding pro se, filed a Petition for Writ of Habeas Corpus under 28 U.S.C. § 2241, seeking to challenge the denial of his request for a transfer to Florida. Dkt. 1 ("Petition" or "Pet.").

     Petitioner was convicted in 2016 following a jury trial in the United States District Court for the Central District of California of two counts of making a false, fictitious, or fraudulent claim against the United States in violation of 18 U.S.C. § 287 and two counts of attempting to file a false lien or encumbrance against government employees and officials in violation of 18

U.S.C. § 1521. United States v. Gullett, Case No. 2:14-cr-00725-CAS (C.D. Cal.). Dkt. 150.[1] On March 15, 2017, Petitioner was sentenced to seventy-seven months of incarceration. Id., Dkt. 187.

Petitioner is currently incarcerated at the Vinewood Residential Reentry Center ("Vinewood") in Los Angeles, California, but seeks "transfer to Florida." Pet. at 1, 7 (CM/ECF pagination). Petitioner asserts a single ground for relief in his Petition, arguing that his transfer to Florida, where he has family support and community ties, has been "unlawfully denied for wholly arbitrary and capricious reasons." Id. at 6.

A habeas petition brought under 28 U.S.C. § 2241 is subject to the same screening requirements that apply to habeas petitions brought under 28 U.S.C. § 2254. See Rules Governing Section 2254 Cases in the United States District Courts ("Habeas Rules"), Habeas Rule 1(b) (providing that district courts may apply the Habeas Rules to habeas petitions that are not brought under 28 U.S.C. § 2254). Accordingly, a district court "must promptly examine" the petition and, "[i]f it plainly appears from the petition . . . that the petitioner is not entitled to relief," the "judge must dismiss the petition." Habeas Rule 4; Mayle v. Felix, 545 U.S. 644, 656 (2005).

Pursuant to Rule 4 of the Habeas Rules, the Court has conducted a preliminary review of the Petition and finds it is subject to dismissal for the reasons explained below.

/ / /

/ / /

---

[1] Pursuant to Fed. R. Evid. 201, the Court takes judicial notice of relevant federal records available electronically. See United States v. Raygoza-Garcia, 902 F.3d 994, 1001 (9th Cir. 2018) ("A court may take judicial notice of undisputed matters of public record, which may include court records available through [the Public Access to Court Electronic Records].");  Holder v. Holder, 305 F.3d 854, 866 (9th Cir. 2002) (taking judicial notice of opinion and briefs filed in another proceeding).

## II.

## DISCUSSION

### A. Petitioner Has Not Exhausted His Administrative Remedies

"As a prudential matter, courts require that habeas petitioners exhaust all available judicial and administrative remedies before seeking relief under [28 U.S.C.] § 2241." Ward v. Chavez, 678 F.3d 1042, 1045 (9th Cir. 2012). Exhaustion aids "judicial review by allowing the appropriate development of a factual record in an expert forum; conserve[s] the court's time because of the possibility that the relief applied for may be granted at the administrative level; and allow[s] the administrative agency an opportunity to correct errors in the course of administrative proceedings." Ruviwat v. Smith, 701 F.2d 844, 845 (9th Cir. 1983) (per curiam). As the requirement is not a "jurisdictional prerequisite," courts have discretion to waive the requirement in Section 2241 cases. Ward, 678 F.3d at 1045 (citation omitted); Laing v. Ashcroft, 370 F.3d 994, 998 (9th Cir. 2004). Courts may waive the exhaustion requirement where administrative remedies are inadequate or not efficacious, pursuit would be futile, irreparable injury will result, or the administrative proceedings would be void. See Ward, 678 F.3d at 1045; Laing, 370 F.3d at 1000.

Here, it appears from the face of the Petition that Petitioner has failed to exhaust his administrative remedies because he is currently in the process of pursuing relief through the Federal Bureau of Prisons ("BOP") administrative remedy program. In response to the question on the form habeas petition asking whether he appealed the decision, filed a grievance, or sought an administrative remedy with respect to the decision being challenged, Petitioner responded, "Yes," explaining that his "first appeal" to the BOP was filed on July 9, 2021, and remains "pending." Pet. at 2-3. Petitioner does not provide any explanation as to why the exhaustion requirement should be waived in this case. As such, the Petition is subject to dismissal as unexhausted.

**B.   The Court Lacks Jurisdiction Over Petitioner's Individualized Request for a Transfer**

Petitioner contends that his request for transfer was "unlawfully denied for wholly arbitrary and capricious reasons" in violation of 5 U.S.C. § 706(2)(A)-(F). Pet. at 2, 6. The Court lacks jurisdiction to consider Petitioner's individual challenge to the BOP's placement decision.

Title 18, United States Code, Sections 3621 and 3624 govern the BOP's authority to place inmates in residential reentry centers. Sacora v. Thomas, 628 F.3d 1059, 1061-62 (9th Cir. 2010). Section 3621 governs the BOP's authority to designate a prisoner's placement generally and Section 3624 governs the designation of prisoners to residential reentry centers for the final months of their sentences to help afford prisoners a reasonable opportunity to adjust to and prepare for the reentry into the community. Id. at 1062.

Federal courts, however, lack jurisdiction over challenges to the BOP's individualized placement determinations. First, Section 3621(b) expressly precludes jurisdiction over the BOP's denial of an individual's request for transfer under this section: "Notwithstanding any other provision of law, a designation of a place of imprisonment under this subsection is not reviewable by any court." 18 U.S.C. § 3621(b); see also Ahmad v. Jacquez, -- F. App'x --, 2021 WL 2769046, at *2 (9th Cir. 2021) (court lacked jurisdiction under Section 3621(b) to consider the petitioner's individual challenge to the BOP's transfer decision). Second, under 18 U.S.C. § 3625, Congress explicitly precluded judicial review of any "determination, decision, or order" made by the BOP pursuant to 18 U.S.C. §§ 3621-3624 from the provisions of the Administrative Procedure Act. Reeb v. Thomas, 636 F.3d 1224, 1226-27 (9th Cir. 2011); 18 U.S.C. § 3625 ("The provisions of section 554 and 555 and 701 through 706 of title 4, United States Code, do not apply to the making of any determination, decision, or order under this subchapter."). As such, the Court

lacks jurisdiction to review Petitioner's claim challenging the BOP's individualized determination denying his request for transfer. See Ahmad, 2021 WL 2769046, at *2; Reeb, 636 F.3d at 1227-28 ("To find that prisoners can bring habeas petitions under 28 U.S.C. § 2241 to challenge the BOP's discretionary determinations made pursuant to 18 U.S.C. § 3621 would be inconsistent with the language of 18 U.S.C. § 3625."); Brown v. Ives, 543 F. App'x 636, 637 (9th Cir. 2013) (district court properly concluded that it lacked jurisdiction to consider BOP's individualized determination concerning placement); Thompson v. Ives, 2015 WL 413765, at *3 (C.D. Cal. Jan. 30, 2015) (court lacked jurisdiction to consider petitioner's challenge to BOP's particularized decision regarding his residential reentry center placement); Wilson v. Fed. Bureau of Prisons, 2013 WL 1389964, at *2 (C.D. Cal. Mar. 28, 2013) (court lacked jurisdiction to review individualized decision denying transfer to a residential reentry center).

**C.     Petitioner's Claim is Not Cognizable on Federal Habeas Review**

Federal judicial review remains available "for allegations that BOP action is contrary to established federal law, violates the United States Constitution, or exceeds its statutory authority." Reeb, 636 F.3d at 1228 (internal footnote omitted). Here, Petitioner appears to only claim the BOP erred in his particular case. Even if the Court had jurisdiction to review Petitioner's claim, however, it appears Petitioner's claim must be pursued, if at all, through a civil rights action.

"Federal law opens two main avenues to relief on complaints related to imprisonment"—a petition for habeas corpus and a civil rights complaint. Muhammad v. Close, 540 U.S. 749, 750 (2004) (per curiam). Relief in the form of a writ of habeas corpus may be granted to a person in custody under the authority of the United States if the petitioner can show that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28

U.S.C. § 2241(c)(1), (3). In general, habeas proceedings provide a forum in which to challenge the "legality or duration" of a prisoner's confinement. Crawford v. Bell, 599 F.2d 890, 891 (9th Cir. 1979) (as amended); see also Nettles v. Grounds, 830 F.3d 922, 927, 934 (9th Cir. 2016) (en banc) (habeas is "the exclusive vehicle" for claims that fall within "the core of habeas corpus," that is, claims challenging "the fact or duration of the conviction or sentence"). By contrast, a civil rights action is the "proper remedy" for a petitioner asserting "a constitutional challenge to the conditions of his prison life, but not to the fact or length of his custody." Preiser v. Rodriguez, 411 U.S. 475, 499 (1973); Nelson v. Campbell, 541 U.S. 637, 643 (2004) ("[C]onstitutional claims that merely challenge the conditions of a prisoner's confinement, whether the inmate seeks monetary or injunctive relief, fall outside of [the] core" of habeas corpus and instead, should be brought as a civil rights action "in the first instance"); Greenhill v. Lappin, 376 F. App'x 757, 757-58 (9th Cir. 2010) (appropriate remedy for claim related to the conditions of confinement lies in a civil rights action under Bivens v. Six Unknown Named Agents of Fed. Bureau of Narcotics, 403 U.S. 388 (1971)).

      Here, Petitioner requests that the Court "grant transfer to Florida." Pet. at 7. Although the specific nature of that request is unclear, he appears to be challenging the location where he is serving his sentence, either for his residential reentry center or supervised release.

      The Ninth Circuit has stated that "petitions that challenge the manner, location, or conditions of a sentence's execution must be brought pursuant to § 2241 in the custodial court." Hernandez v. Campbell, 204 F.3d 861, 864 (9th Cir. 2000) (per curiam). Habeas corpus jurisdiction exists under Section 2241 where the petitioner claims he has been "subjected to greater restrictions of his liberty, such as disciplinary segregation, without due process of law." Fiorito v. Entzel, 829 F. App'x 192, 193 (9th Cir. 2020) (quoting Bostic v. Carlson, 884

F.2d 1267, 1269 (9th Cir. 1989), overruled on other grounds by Nettles, 830 F.3d at 931).

While the Ninth Circuit has not squarely determined whether habeas corpus jurisdiction extends to straightforward transfer requests, the Ninth Circuit recently affirmed the dismissal of a Section 2241 habeas petition for lack of jurisdiction where the petitioner challenged a disciplinary finding that resulted in his transfer to a higher security prison. In Fiorito, 829 F. App'x at 193, the petitioner alleged that prison officials violated his due process and First Amendment rights by issuing a false incident report, finding him guilty at a disciplinary hearing without allowing him the opportunity to present witnesses and evidence, and raising his custody score, which resulted in his transfer to a higher security prison, where he was allegedly subjected to assault, extortion, solitary confinement, and other harms. The Ninth Circuit found the petitioner's claim did not qualify for habeas jurisdiction because (1) he could not show that his transfer from a low security to medium security prison subjected him to "greater restrictions of his liberty," rising to the level of disciplinary segregation; (2) he did not demonstrate that the disciplinary hearing directly resulted in his transfer to a higher security prison or that expungement of his disciplinary record would lead to his release to a lower security prison; and (3) he did not show the expungement of his disciplinary finding will accelerate his eligibility for parole. Id. at 194. The Ninth Circuit agreed with the district court that the proper vehicle for the petitioner's claim was a civil rights action. Id.

The Ninth Circuit also recently considered a challenge similar to the one being asserted here. In Ahmad, 2021 WL 2769046, at *1, the Ninth Circuit affirmed the dismissal of a Section 2241 petition where the petitioner challenged the BOP's denial of his request to be transferred to a prison closer to his family pursuant to 18 U.S.C. § 3621(b). After first concluding that it

lacked jurisdiction to consider the petitioner's individual challenge to the BOP's transfer decision, the Ninth Circuit found that the petitioner failed to exhaust his administrative remedies as to a broader challenge that the BOP exceeded its statutory authority in failing to amend a BOP program statement. Id. at *2. In a concurring opinion, District Judge Silver, sitting by designation, found that Petitioner's claim seeking transfer between BOP locations is not cognizable on habeas review. Id. at *4 (Silver, J., concurring). In her concurrence, District Judge Silver rejected the petitioner's assertion that he was seeking relief connected to the "location" of his confinement and therefore, could properly proceed under Section 2241. District Judge Silver explained that most Ninth Circuit decisions involving Section 2241 petitions "present situations where there was a possibility the prisoner would be released from custody earlier" or where the petitioner is seeking relief from "greater restrictions of his liberty, such as disciplinary segregation," and noted that the petitioner had cited no Ninth Circuit authority allowing a Section 2241 petition to proceed when the petitioner was "seeking a straightforward transfer between BOP locations." Id. at *4. As such, the district judge found that the type of relief being sought could not be obtained through habeas. Id.

District courts within the Ninth Circuit have similarly concluded that straightforward transfer requests are not cognizable on federal habeas review. See Izac v. Unknown Warden, 2014 WL 1794452, at *1 (C.D. Cal. May 6, 2014) (challenge to prison transfer could not be brought under Section 2241); Nostratis v. Surgue, 2009 WL 462732, at *1 (E.D. Cal. Feb. 23, 2009) (finding claim that the petitioner should be transferred to another facility involved the conditions of confinement and therefore, the claim was not cognizable); Burnette v. Smith, 2009 WL 667199, at *1 (E.D. Cal. Mar. 13, 2009) (same); Wilson v. Wrighley, 2007 WL 1378024, at *2 (E.D. Cal. May 10, 2007) (request to be transferred to a different institution was not cognizable via

Section 2241), findings and recommendations adopted as modified by 2007 WL 2900216 (E.D. Cal. Oct. 4, 2007); Blow v. Bureau of Prisons, 2007 WL 2403561, at *1 (E.D. Cal. Aug. 20, 2007) (request for transfer to a privately managed prison outside the BOP and within the state system involved the conditions of confinement and must be pursued via a civil rights complaint), findings and recommendation adopted by 2007 WL 2902922 (E.D. Cal. Oct. 3, 2007); Christian v. Deboo, 2007 WL 470587, at *1 (E.D. Cal. Feb. 9, 2007) (request for transfer to another prison not properly brought under Section 2241), findings and recommendations adopted by, 2007 WL 1239000 (E.D. Cal. Apr. 27, 2007). As the Seventh Circuit has explained, "habeas corpus cannot be used to challenge a transfer between prisons . . . unless the custody in which the transferred prisoner will find himself when transferred is so much more restrictive than his former custody that the transfer can fairly be said to have brought about . . . 'a quantum change in the level of custody.'" Pischke v. Litscher, 178 F.3d 497, 499 (7th Cir. 1999) (citations omitted).

      The Court finds persuasive those cases that have concluded that straightforward transfer requests are not cognizable on federal habeas review. Like other prisoners who have raised similar challenges, Petitioner does not challenge his conviction or sentence. Rather, he requests his transfer to Florida, where his "house and car" are located and where he "has substantial family support and community ties." Pet. at 6. He maintains that the denial of his transfer request "is preventing and/or significantly impairing [his] ability to find gainful employment, take control of finances, get support, take care of physical and mental health, build skills, rebuild relationships and contacts, maintain stable housing, use car for transportation, obtain health insurance, connect with assistance programs and community organizations, recertify and continue professional education," thereby rendering his "imprisonment/furlough more burdensome than the law allows and/or

curtailing Petitioner's liberty to a greater extent than the law permits in comparison to other similarly situated furloughees." Id.

However, an inmate has "no constitutional right to be transferred from one facility to another, to avoid such a transfer, to rehabilitation or to unfettered visitation." Reed v. U.S. Bureau of Prisons, 2011 WL 5834745, at *4 n.4 (C.D. Cal. Oct. 21, 2011), report and recommendation accepted by 2011 WL 5834737 (C.D. Cal. Nov. 17, 2011); Meachum v. Fano, 427 U.S. 215, 224-25 (1976) (explaining that the Constitution does not "guarantee that the convicted prisoner will be placed in any particular prison"). Petitioner provides no explanation why he cannot seek employment, medical care, housing, transportation, or any of the other specified programs or opportunities while housed at Vinewood. Petitioner has not shown that his transfer to Vinewood subjects him to "greater restrictions of his liberty" rising to the level of disciplinary segregation, such that he qualifies for habeas relief. See Meachum, 427 U.S. at 224-25 (no liberty interest protected by the Due Process Clause is implicated in a prison's transfer decisions); Fiorito, 829 F. App'x at 194. Based on the allegations in the Petition, it appears Petitioner challenges the conditions of confinement and therefore, his claim is properly the subject of a civil rights complaint, not a Section 2241 habeas petition.[2]

**D.  Petitioner Did Not Pay the Filing Fee**

Finally, Petitioner did not pay the $5 filing fee for a federal habeas petition (see 28 U.S.C. § 1914(a)) and did not alternatively file a completed application to proceed without prepayment of the filing fee ("IFP

---

[2] While a district court may convert a non-cognizable habeas petition into a civil rights complaint after notifying the prisoner and obtaining his informed consent, Nettles, 830 F.3d at 935-36, conversion is not warranted here for a number of reasons, including Petitioner's failure to exhaust his administrative remedies and the Court's lack of jurisdiction over the BOP's individual placement decision.

Application") as required by 28 U.S.C. § 1915. <u>The Clerk is directed to send Petitioner a form IFP Application by a person in custody</u>, which Petitioner is required to prepare in full, and obtain any necessary information and certification from staff at the facility where he is incarcerated if he wishes to proceed without prepayment of the filing fee.

## III.
## CONCLUSION

For the foregoing reasons, the Petition is subject to dismissal. Petitioner is therefore ORDERED TO SHOW CAUSE why this action should not be dismissed without prejudice by filing a written response **by no later than thirty (30) days from the date of this Order** which sets forth any valid legal and/or factual reasons why the Petition should not be dismissed.

If, after review of this Order, Petitioner should decide not to further pursue this action at this time, Petitioner may voluntarily dismiss the action by signing and returning the <u>attached</u> Notice of Dismissal under Federal Rule of Civil Procedure 41(a).

Petitioner is cautioned that the failure to timely respond to this Order will result in this action being dismissed for the reasons explained above, for failure to prosecute, and for failure to comply with a Court order. <u>See</u> Fed. R. Civ. P. 41(b).

Dated: July 27, 2021

_____
JOHN D. EARLY
United States Magistrate Judge